IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE: | CHAPTER 13 |
| DONSHEKIE BARRETT | CASE NO:25-51624-KMS |

**KEYSTONE EQUIPMENT FINANCE CORP'S RESPONSE TO
OBJECTION TO PROOF OF CLAIM #13 (Dkt. # 28)**

COMES NOW Keystone Equipment Finance Corp ("Keystone") for its response to Debtor's objection to Keystone Equipment Finance Corp's Proof of Claim #13, [Dkt. #28] would state as follows:

1. Keystone is an unsecured creditor in this case. Keystone filed a proof of claim for the full amount of the debt of ("DB Transport") based on the Debtor's full and unconditional guaranty of DB Transport's debt.

2. DB Transport pledged certain collateral to secure its debt. DB Transport is a Chapter 7 debtor in this Court, Case No. 25-51307 KMS.  Keystone does not have possession of the collateral.

3. The Debtor's personal guaranty of DB Transport's debt is a separate obligation from that of DB Transport and it is fully enforceable according to its terms.  *See Edwards Family Partnership LP v. Dickson*, 821 F.3d 614, 618 (5th Cir. 2016)("We enforce the unambiguous language of the guaranty contracts, which requires that Dickson fulfill the obligations under the notes regardless of any outcome of the bankruptcy proceedings or challenges to the underlying obligation.")

4. The Debtor's guaranty unambiguously states "It is not necessary for the Secured Party [Keystone] to proceed in any manner, including without limitation first against the Borrower [DBT Transport] or the collateral, before enforcing this guaranty."  Proof of Claim,

Dkt. 13-1 Part 5, page 1.  Further, the guaranty authorized Keystone to make any other arrangements with the Borrower [DB Transport] and the Debtor waived any defenses based on such other arrangements. Proof of Claim, Dkt. 13-1 Part 5, page 1. Accordingly, as a matter of law,  the objection must be denied.

5. The Debtor must make plan payments based upon the full amount of Keystone's claim until such time as Keystone is able to obtain possession of the collateral and dispose of it. Once that happens, Keystone can amend its claim to reflect any proceeds realized from the disposition of the collateral, and the Debtor can amend its plan to address the reduced amount of Keystone's claim. Keystone objects to any attempt to estimate what that future claim may be for plan purposes, as the amount of its claim is fixed and undisputed at this time.

WHEREFORE, PREMISES CONSIDERED, Keystone respectfully requests that this Court deny the Debtor's objection to Proof of Claim #13.

Respectfully submitted this 2nd day of February, 2026.

>KEYSTONE EQUIPMENT FINANCE CORP
>
>By: /Jim F. Spencer, Jr.
>Jim F. Spencer, Jr., Its Attorney

OF COUNSEL
JIM F. SPENCER, JR. (MSB#7736)
ERIN M BEST (MSB #106317)
WATKINS & EAGER PLLC
P.O. BOX 650
JACKSON, MISSISSIPPI 39205
(601) 965-1900
jspencer@watkinseager.com
emcmanus@watkinseager.com

## CERTIFICATE OF SERVICE

I, Jim F. Spencer, Jr., do hereby certify that I have caused to be served the above and for going pleading on all parties requesting notice by using the ECF filing system of the court:

United States Trustee - USTPRegion05.JA.ECF@usdoj.gov
Warren A. Cuntz, Jr. – wcuntzcourt@gport13.com
Thomas Carl Rollins, Jr. – trollins@therollinsfirm.com

This 2nd day of February, 2026.

  /s/ Jim F. Spencer, Jr.
Jim F. Spencer, Jr.