## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

**IN RE:**   **Donshekie Barrett, Debtor**                    **Case No. 25-51624-KMS**
                                                                                        **CHAPTER 13**

### NOTICE OF AMENDED OBJECTON TO CLAIM

      **You are herby notified** that an amended objection to your claim has been filed in the above-referenced bankruptcy case.  Your claim may be reduced, modified, or eliminated.  If you do not want the Court to eliminate or change your claim, a written response to the attached objection to claim must be filed with:

Clerk, U.S Bankruptcy Court
Southern District of Mississippi
Danny L. Miller
Thad Cochran United States Courthouse
501 E. Court St., Ste 2.300
Jackson, MS 39201

and a copy must be served on the undersigned Debtor's attorney and the case trustee on or before thirty (30) days from the date of this notice.  In the event a written response is filed, the court will notify you of the date, time, and place of the hearing thereon.

This date, February 18, 2026

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr. (MSBN 103469)
Jennifer A Curry Calvillo (MSBN 104367)
The Rollins Law Firm
P.O. Box 13767
Jackson, MS 39236
601.500.5333
trollins@therollinsfirm.com

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

**IN RE:**     **Donshekie Barrett, Debtor**         **Case No. 25-51624-KMS**
                                                     **CHAPTER 13**

### AMENDED OBJECTON TO PROOF OF CLAIM # 3 AS FILED BY MIDLAND STATES BANK

COMES NOW the Debtor, by and through undersigned counsel, and files this Amended Objection to Proof of Claim No. 3 filed by Midland States Bank ("Creditor"), and in support thereof would show unto the Court as follows:

1.     Debtor previously filed an Objection to Proof of Claim No. 3 [Dkt. 30], asserting that the claim improperly seeks the full contract balance under a guaranty while Creditor is pursuing recovery from collateral owned by the principal obligor in a related Chapter 7 case.

2.     Debtor re-alleges, adopts, and incorporates each allegation and ground stated in the prior objection as if fully set forth herein.

3.     Specifically, until the collateral is repossessed or otherwise disposed of in a commercially reasonable manner and the proceeds are applied in accordance with Mississippi's UCC, any alleged deficiency claim remains contingent, unliquidated, and not presently allowable.

4.     In addition to the deficiency issue, the amount asserted in Proof of Claim No. 3 is independently objectionable due to the lack of any accounting or explanation supporting the claimed balance.

5.     Creditor filed Proof of Claim No. 3 in the amount of $306,769.68.

6.     The underlying loan had:

       a)    an original principal balance of approximately $357,932.00;

       b)    an interest rate of 8.66%; and

c)  a stated term of 72 months.

7.      The Debtor made regular monthly payments on the loan for approximately two and one-half (2.5) years, or roughly thirty (30) months, prior to the filing of this bankruptcy case.

8.      Based on the stated loan terms and amortization over a 72-month period, the outstanding principal balance after 2.5 years of payments should be substantially lower than the amount asserted, and reasonably closer to $200,000.00 than the $306,769.68 claimed

9.      The Proof of Claim does not include:

a)  a payment history;

b)  an amortization schedule;

c)  a breakdown of how payments were applied between principal, interest, fees, or other charges; or

d)  any reconciliation explaining how the balance allegedly decreased by only approximately $51,000.00 after 2.5 years of payments.

10.     Without a full accounting, neither the Debtor, the Trustee, nor the Court can determine whether:

a)  payments were properly applied to principal and interest;

b)  excessive interest, default interest, or fees were assessed;

c)  impermissible charges are included; or

d)  the claim amount is otherwise overstated.

11.     Once an objection is raised, 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3001 place the burden on the creditor to prove the amount and validity of its claim.

12.     As filed, Proof of Claim No. 3 is not entitled to prima facie validity and should be disallowed or reduced.

WHEREFORE, PREMISES CONSIDERED, Debtor respectfully requests that the Court: Disallow proof of Claim No. 3 as filed; or alternatively, determine that any deficiency component of the claim is unliquidated and contingent and estimate the allowed claim at $0.00 unless and until Creditor completes a commercially reasonable disposition of the collateral and applies the proceeds; Further require Midland States Bank to file an Amended Proof of Claim including: a complete payment history; an amortization schedule; a detailed accounting showing application of each payment; and a reconciliation supporting any alleged remaining balance.

Pending such accounting and collateral disposition, estimate the claim for plan purposes at no more than $200,000.00, subject to further adjustment; and Grant such other further relief as is just and proper

Respectfully submitted,

By: /s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr.
Attorney for Debtor

Of Counsel:
Thomas C. Rollins, Jr. (MSBN 103469)
Jennifer A Curry Calvillo (MSBN 104367)
The Rollins Law Firm
P.O. Box 13767
Jackson, MS 39236
601.500.5333
trollins@therollinsfirm.com

<u>**CERTIFICATE OF SERVICE**</u>

I, Thomas C. Rollins, Jr., do hereby certify that a true and correct copy of the above and foregoing Notice of Objection and Objection were forwarded on February 18, 2026 to:

By first class mail, postage pre-paid:

> Orion First Financial
> c/o L. Gino Marchetti, Jr.
> 2908 Poston Avenue
> Nashville, TN 37203

By Electronic CM/ECF Notice:

> L. Gino Marchetti, Jr., Attorney for Creditor
>
> Chapter 13 Case Trustee
>
> U.S. Trustee

> <u>/s/ Thomas C. Rollins, Jr.    </u>
> Thomas C. Rollins, Jr.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

Donshekie Barrett

CASE NO: 25-51624

**DECLARATION OF MAILING
CERTIFICATE OF SERVICE**

Chapter: 13

On 2/18/2026, I did cause a copy of the following documents, described below,

Notice and Objection to Proof of Claim

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice. com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.Bankr.P. 9001(9) and 2002(g)(4).  A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 2/18/2026

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr.

The Rollins Law Firm
702 West Pine St
Hattiesburg, MS 39401
601-500-5533
trollins@therollinsfirm.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

Donshekie Barrett

CASE NO: 25-51624

**CERTIFICATE OF SERVICE
DECLARATION OF MAILING**

Chapter: 13

On 2/18/2026, a copy of the following documents, described below,

Notice and Objection to Proof of Claim

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 2/18/2026

Miles Wood
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Thomas C. Rollins, Jr.
The Rollins Law Firm
702 West Pine St
Hattiesburg, MS  39401

**(The following pages contain parties served via First Class USPS Mail Service unless stated otherwise.)**

FIRST CLASS

ORION FIRST FINANCIAL
C/O L. GINO MARCHETTI, JR.
2908 POSTON AVENUE
NASHVILLE TN 37203