**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

IN RE:    **Donshekie Barrett, Debtor**                    **Case No. 25-51624-KMS**
                                                                                      **CHAPTER 11**

## CERTIFICATE OF SERVICE

I, Thomas C. Rollins, Jr., do hereby certify that a true and correct copy of the foregoing Order, Plan, and Ballot was forwarded on June 15, 2026 to:

By Electronic CM/ECF Notice:

Timothy J. Anzenberger, behalf of Wastern Funding LLC d/b/a Specialty Vehicle and Equipment fund Group

Wesley H. Blacksher, behalf of BMW Bank of Noth America, c/o AIS Portfolio Services, LLC

John Andrew Hammond, behalf of Pac Western Financial, LLC

Michael J. McCormick, behalf of M&T Bank

Jim F. Spencer, Jr.,  behalf of Keystone Equipment Finance Corp.

Kimberly Strong, Chapter 11 Trustee

Steven Usry, behalf of  U.S. Trustee

U.S. Trustee

_____



**SO ORDERED,**

**Judge Katharine M. Samson**
**United States Bankruptcy Judge**
**Date Signed: June 12, 2026**

**The Order of the Court is set forth below. The docket reflects the date entered.**
_____

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF MISSISSIPPI

**IN RE:**

    **DONSHEKIE BARRETT**                      **CASE NO. 25-51624-KMS**

    **DEBTOR.**                                    **CHAPTER 11**

### ORDER FIXING TIME FOR FILING ACCEPTANCES OR REJECTIONS TO THE PLAN AND FIXING TIME FOR FILING OBJECTIONS TO CONFIRMATION OF THE PLAN, COMBINED WITH NOTICE THEREOF AND OF THE HEARING ON <u>CONFIRMATION OF THE PLAN</u>

A Chapter 11 Plan of Reorganization under Subchapter V (the "Plan") (Dkt. #108) having been filed by the Debtor on June 10, 2026.

**IT IS ORDERED, AND NOTICE IS HEREBY GIVEN, THAT**:

A.  July 30, 2026 is fixed as the last day for filing written acceptances or rejections of the Plan.

B.  Within 5 days after the entry of this order, the Debtor's attorney shall cause to be mailed to creditors, equity security holders, other parties in interest, and the United States trustee a copy of the following:

- This order;
- The Plan filed June 10, 2026;
- A ballot form for voting on the acceptance or rejection of the Plan, **which should be returned to the Debtor's attorney and not the Court.** The Debtor's attorney shall be served as follows: Thomas Carl Rollins, Jr, The Rollins Law Firm, PLLC, PO BOX 13767Jackson, MS 39236.

C.  After completion of the above mailing, the Debtor's attorney shall immediately file a Certificate of Service with the Court, listing the names and addresses of each party served.

D.  August 6, 2026 at 1:30 PM, in the Bankruptcy Courtroom, 7th Floor, Dan M. Russell, Jr. Courthouse, 2012 15th Street, Gulfport, Mississippi, is fixed for the hearing on the confirmation of the Plan.

**Page 1 of 2**

E. July 30, 2026 is fixed as the last day for filing and serving written objections to confirmation of the Plan.  Attorneys and Registered Users of the Electronic Case Filing (ECF) System should file any response using ECF.  Others should file any response at U.S. Bankruptcy Court, Dan M. Russell, Jr. US Courthouse, 2012 15th Street, Suite 244, Gulfport, MS 39501.  If you file a response, you or your attorney are required to attend the hearing.  The hearing will be electronically recorded by the court.

##END OF ORDER##

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

**IN RE:**   **Donshekie Barrett**                **Case No. 25-51624-KMS**
       **, Debtor**                             **CHAPTER 11**

### CHAPTER 11 SUBCHAPTER V PLAN OF REORGANIZATION

The Debtor proposes this Chapter 11 Subchapter V Plan of Reorganization pursuant to 11

U.S.C. §§ 1189, 1190, 1191, and other applicable provisions of the Bankruptcy Code. This Plan

is intended to address the confirmation readiness issues applicable to an individual Subchapter V

debtor, including trustee administration, administrative claims, plan funding, post-confirmation

reporting, feasibility, claim treatment, and discharge provisions.

### ARTICLE I

### DEFINITIONS, RULES OF INTERPRETATION, AND GENERAL PROVISIONS

**Section 1.1 – Definitions**

"Administrative Claim" means a claim entitled to priority under 11 U.S.C. §§ 503(b) or

507(a)(2), including approved professional fees, Subchapter V Trustee fees and expenses, and

any other administrative expense allowed by order of the Court.

"Allowed Claim" means a Claim that is allowed pursuant to 11 U.S.C. § 502, is not

disputed, contingent, or unliquidated, and has not been disallowed by order of the Court.

"Bankruptcy Code" means Title 11 of the United States Code, as amended.

"Bankruptcy Court" means the United States Bankruptcy Court in which this Chapter 11

Subchapter V case is pending.

"Bankruptcy Rules" means the Federal Rules of Bankruptcy Procedure.

"Claim" has the meaning provided in 11 U.S.C. § 101(5).

"Confirmation Date" means the date the Bankruptcy Court enters the Confirmation Order.

"Confirmation Order" means the order confirming this Plan.

"Consensual Confirmation" means confirmation of this Plan pursuant to 11 U.S.C. § 1191(a).

"Debtor" means the individual debtor and debtor-in-possession in this Chapter 11 Subchapter V case.

"Effective Date" means the first business day that is fourteen (14) days after entry of the Confirmation Order, unless the Confirmation Order provides a different date or unless the Debtor files a notice designating a later Effective Date.

"Estate" means the bankruptcy estate created pursuant to 11 U.S.C. § 541.

"Nonconsensual Confirmation" means confirmation of this Plan pursuant to 11 U.S.C. § 1191(b).

"Plan" means this Amended Chapter 11 Subchapter V Plan of Reorganization, including all exhibits, schedules, and amendments.

"Plan Payment Period" means the sixty (60) month period beginning on the Effective Date, unless a shorter period is required for a particular claim or unless the Court orders otherwise.

"Professional Fees" means fees and expenses of professionals employed in this case that are subject to allowance by the Bankruptcy Court.

"Subchapter V Trustee" means the trustee appointed pursuant to 11 U.S.C. § 1183.

"United States Trustee" means the Office of the United States Trustee.

**Section 1.2 – Rules of Interpretation**

Unless otherwise specified, all references to statutory sections are references to the Bankruptcy Code. Headings are for convenience only and shall not affect interpretation. The singular includes the plural, and the plural includes the singular, as the context requires.

**Section 1.3 – Controlling Effect**

To the extent of any inconsistency between this Plan and any prior order of the Court, this Plan shall control upon confirmation except as otherwise provided in the Confirmation Order or in any order that expressly survives confirmation.

**Section 1.4 – Computation of Time**

Any payment or act due on a Saturday, Sunday, or legal holiday shall be due on the next business day.

**Section 1.5 – Reservation of Rights**

Except as expressly provided herein, the Debtor reserves all rights, claims, defenses, objections, offsets, recoupment rights, and causes of action.

**ARTICLE II**

**CASE STRUCTURE, CLASSIFICATION, AND VOTING**

**Section 2.1 – Case Structure**

This is an individual debtor Subchapter V case. The Plan is an operating reorganization funded primarily from the Debtor's future earnings, future business income, and continued operation of the Debtor's business and assets. The Debtor seeks Consensual Confirmation under 11 U.S.C. § 1191(a), but the Plan includes provisions applicable if Nonconsensual Confirmation under 11 U.S.C. § 1191(b) becomes necessary.

**Section 2.2 – Unclassified Claims**

The following claims are not classified and shall receive treatment as provided in this Article:

(a) Administrative Claims. Except as otherwise agreed by the holder of such claim or ordered by the Court, each holder of an Allowed Administrative Claim shall be paid in full in cash on the Effective Date or as soon thereafter as practicable. Professional Fees shall be paid only upon allowance by order of the Court.

(b) Subchapter V Trustee Fees and Expenses. Allowed fees and expenses of the Subchapter V Trustee are Administrative Claims and shall be paid from the Debtor's postpetition and post-confirmation income. Unless otherwise ordered by the Court, Trustee fees incurred before confirmation shall be paid on the Effective Date or as soon thereafter as allowed, and Trustee fees incurred after confirmation shall be paid monthly, or on such other schedule as agreed by the Trustee and the Debtor or ordered by the Court.

(c) Priority Claims Under 11 U.S.C. § 507(a)(2), (3), (4), (5), (6), and (7). Any Allowed Priority Claim not separately classified shall be paid in full in accordance with 11 U.S.C. § 1129(a)(9), unless the holder agrees to different treatment.

**Section 2.3 – Classified Claims**

Claims are classified into Classes 1 through 15 and Class 16 as set forth in Article III. A claim shall be classified in a particular class only to the extent such claim qualifies within that class. Any remaining portion of a claim shall be separately classified and treated according to its nature.

**Section 2.4 – Impairment and Voting**

Each impaired class entitled to vote shall vote separately. Any unimpaired class shall be conclusively presumed to accept the Plan pursuant to 11 U.S.C. § 1126(f). Any class receiving

no distribution shall be deemed to reject pursuant to 11 U.S.C. § 1126(g). Except as otherwise expressly stated, the classes treated under this Plan are impaired and entitled to vote.

**ARTICLE III**

**TREATMENT OF CLAIMS AND INTERESTS**

**Class 1 – Priority Tax Claims**

Class 1 consists of all allowed priority unsecured claims entitled to priority under 11 U.S.C. § 507(a)(8), including the claim filed by the Internal Revenue Service. The Internal Revenue Service filed a proof of claim asserting a total claim of $79,892.34, of which $44,535.75 is asserted as entitled to priority status under 11 U.S.C. § 507(a)(8), and $35,356.59 is asserted as non-priority unsecured.

The allowed priority portion of the Internal Revenue Service's claim shall be paid in full, together with interest at the rate required by 11 U.S.C. § 511, assumed for plan purposes to be 8.00% per annum, in equal monthly installments of approximately $903.00 over fifty (50) months. Payments shall commence on the Effective Date and continue on the same day of each successive month until paid in full. To the extent the applicable rate under 11 U.S.C. § 511 differs, the final payment or payments may be adjusted as necessary to ensure full payment of the allowed priority claim.

To the extent any governmental unit, including the State of Mississippi or any political subdivision, files an Allowed Priority Tax Claim entitled to treatment under 11 U.S.C. § 507(a)(8), such claim shall be paid in full with interest at the rate required by 11 U.S.C. § 511 in equal monthly installments over a period not exceeding fifty (50) months, with payments commencing on the Effective Date, unless otherwise agreed. The non-priority portion of any such claim shall be treated as a general unsecured claim in Class 16.

**Class 2 – Secured Claim of Bank of America**

Class 2 consists of the allowed secured claim of Bank of America, secured by a 2019 Tiffin Phaeton motorhome (the "Collateral").

The Debtor shall retain the Collateral, and this claim shall be treated as a long-term debt pursuant to 11 U.S.C. § 1123(b)(5). The Debtor shall cure any prepetition arrearage owed to Bank of America within thirty (30) days of the Effective Date, to the extent not already current. Commencing on the Effective Date, the Debtor shall resume and continue making the regular contractual monthly payments in the amount of $2,482.84, with such payments continuing according to the original terms of the loan documents. Except as expressly provided herein with respect to cure of any arrearage, the rights of Bank of America shall remain unaltered, and the maturity date, interest rate, and all other contractual terms shall remain unchanged.

Upon completion of the cure of any arrearage and the Debtor's ongoing maintenance of the contractual payments, the claim of Bank of America shall be deemed current and shall ride through the Plan.

In the event of default, Bank of America shall provide written notice of default to the Debtor and Debtor's counsel, and the Debtor shall have fourteen (14) days to cure such default before Bank of America may exercise state law remedies or seek other appropriate relief, except as otherwise ordered by the Court.

**Class 3 – Secured Claim of BMW Bank of North America**

Class 3 consists of the allowed secured claim of BMW Bank of North America, secured by a 2024 BMW 330i, VIN: 3MW69FF06R8E53212 (the "Collateral").

The Debtor shall retain the Collateral, and the claim of BMW Bank of North America shall be paid in the amount of $47,962.05, together with interest at the rate of 8.50% per annum,

in equal monthly installments over sixty (60) months. Based on that assumed interest rate, the monthly payment shall be approximately $984.00 per month for sixty (60) months.

Payments shall commence on the Effective Date and continue on the same day of each successive month until the claim is paid in full. BMW Bank of North America shall retain its lien on the Collateral until the allowed secured claim is paid in full pursuant to this Plan, at which time the lien shall be released.

In the event of default, BMW Bank of North America shall provide written notice of default to the Debtor and Debtor's counsel, and the Debtor shall have fourteen (14) days to cure such default before BMW Bank of North America may exercise state law remedies or seek other appropriate relief, except as otherwise ordered by the Court.

**Class 4 – Secured Claim of Capital One Auto Finance**

Class 4 consists of the allowed secured claim of Capital One Auto Finance, secured by a 2025 GMC Sierra, VIN: 1GT4UZEY6SF300814 (the "Collateral").

The Debtor shall retain the Collateral, and the claim of Capital One Auto Finance shall be paid in the amount of $96,127.57, together with interest at the rate of 8.50% per annum, in equal monthly installments over sixty (60) months. Based on that assumed interest rate, the monthly payment shall be approximately $1,972.00 per month for sixty (60) months.

Payments shall commence on the Effective Date and continue on the same day of each successive month until the claim is paid in full. Capital One Auto Finance shall retain its lien on the Collateral until the allowed secured claim is paid in full pursuant to this Plan, at which time the lien shall be released.

In the event of default, Capital One Auto Finance shall provide written notice of default to the Debtor and Debtor's counsel, and the Debtor shall have fourteen (14) days to cure such

default before Capital One Auto Finance may exercise state law remedies or seek other appropriate relief, except as otherwise ordered by the Court.

**Class 5 – Secured Claim of Capital One Auto Finance**

Class 5 consists of the allowed secured claim of Capital One Auto Finance, secured by a Hyundai Elantra, VIN: KMHLM4AG8PU433892 (the "Collateral").

The Debtor shall retain the Collateral, and the claim of Capital One Auto Finance shall be paid in the amount of $15,941.94, together with interest at the rate of 8.50% per annum, in equal monthly installments over sixty (60) months. Based on that assumed interest rate, the monthly payment shall be approximately $327.00 per month for sixty (60) months.

Payments shall commence on the Effective Date and continue on the same day of each successive month until the claim is paid in full. Capital One Auto Finance shall retain its lien on the Collateral until the allowed secured claim is paid in full pursuant to this Plan, at which time the lien shall be released.

In the event of default, Capital One Auto Finance shall provide written notice of default to the Debtor and Debtor's counsel, and the Debtor shall have fourteen (14) days to cure such default before Capital One Auto Finance may exercise state law remedies or seek other appropriate relief, except as otherwise ordered by the Court.

**Class 6 – Secured Claim of JPMorgan Chase Bank, N.A.**

Class 6 consists of the allowed secured claim of JPMorgan Chase Bank, N.A., secured by a 2025 Mercedes-Benz GLE53, VIN: 4JGFD6BB3SB346966 (the "Collateral").

The Debtor shall retain the Collateral, and the claim of JPMorgan Chase Bank, N.A. shall be paid in the amount of $93,992.53, together with interest at the rate of 8.50% per annum, in

equal monthly installments over sixty (60) months. Based on that assumed interest rate, the monthly payment shall be approximately $1,927.00 per month for sixty (60) months.

Payments shall commence on the Effective Date and continue on the same day of each successive month until the claim is paid in full. JPMorgan Chase Bank, N.A. shall retain its lien on the Collateral until the allowed secured claim is paid in full pursuant to this Plan, at which time the lien shall be released.

In the event of default, JPMorgan Chase Bank, N.A. shall provide written notice of default to the Debtor and Debtor's counsel, and the Debtor shall have fourteen (14) days to cure such default before JPMorgan Chase Bank, N.A. may exercise state law remedies or seek other appropriate relief, except as otherwise ordered by the Court.

**Class 7 – Secured Claim of DLL Finance**

Class 7 consists of the allowed secured claim of DLL Finance, secured by a 2024 Kioti Model KL4030C Tractor (the "Collateral").

The Debtor shall retain the Collateral, and the claim of DLL Finance shall be paid in the amount of $47,133.35, together with interest at the rate of 8.50% per annum, in equal monthly installments over sixty (60) months. Based on that assumed interest rate, the monthly payment shall be approximately $965.00 per month for sixty (60) months.

Payments shall commence on the Effective Date and continue on the same day of each successive month until the claim is paid in full. DLL Finance shall retain its lien on the Collateral until the allowed secured claim is paid in full pursuant to this Plan, at which time the lien shall be released.

In the event of default, DLL Finance shall provide written notice of default to the Debtor and Debtor's counsel, and the Debtor shall have fourteen (14) days to cure such default before

DLL Finance may exercise state law remedies or seek other appropriate relief, except as otherwise ordered by the Court.

**Class 8 – Secured Claim of Greenwood Credit Union**

Class 8 consists of the allowed secured claim of Greenwood Credit Union, secured by a 1972 Oldsmobile Cutlass (the "Collateral").

The Debtor shall retain the Collateral, and the claim of Greenwood Credit Union shall be paid in the amount of $14,045.69, together with interest at the rate of 8.50% per annum, in equal monthly installments over sixty (60) months. Based on that assumed interest rate, the monthly payment shall be approximately $288.00 per month for sixty (60) months.

Payments shall commence on the Effective Date and continue on the same day of each successive month until the claim is paid in full. Greenwood Credit Union shall retain its lien on the Collateral until the allowed secured claim is paid in full pursuant to this Plan, at which time the lien shall be released.

In the event of default, Greenwood Credit Union shall provide written notice of default to the Debtor and Debtor's counsel, and the Debtor shall have fourteen (14) days to cure such default before Greenwood Credit Union may exercise state law remedies or seek other appropriate relief, except as otherwise ordered by the Court.

**Class 9 – Secured Claim of Harley-Davidson Financial Services**

Class 9 consists of the secured claim of Harley-Davidson Financial Services arising from a loan secured by a Harley-Davidson motorcycle (the "Collateral"). The total claim is $23,642.15. Pursuant to 11 U.S.C. § 506, the claim is bifurcated into secured and unsecured portions.

The secured portion of the claim shall be allowed in the amount of $15,282.00, representing the value of the Collateral. The Debtor shall retain the Collateral, and the secured claim shall be paid in full with interest at the rate of 8.50% per annum, in equal monthly installments over sixty (60) months, with payments commencing on the Effective Date. The monthly payment shall be approximately $314.00.

The remaining balance of the claim, in the amount of $8,360.15, shall be treated as a general unsecured claim in Class 16 and shall be paid in full, without interest, in equal monthly installments over sixty (60) months. Harley-Davidson Financial Services shall retain its lien on the Collateral until the allowed secured claim is paid in full pursuant to this Plan, at which time the lien shall be released.

In the event of default, Harley-Davidson Financial Services shall provide written notice of default to the Debtor and Debtor's counsel, and the Debtor shall have fourteen (14) days to cure such default before Harley-Davidson Financial Services may exercise state law remedies or seek other appropriate relief, except as otherwise ordered by the Court.

**Class 10 – Secured Claim of M&T Bank**

Class 10 consists of the secured claim of M&T Bank, secured by the Debtor's principal residence (the "Collateral").

The claim shall be treated as a long-term debt pursuant to 11 U.S.C. § 1123(b)(5). The Debtor shall cure any prepetition arrearage owed to M&T Bank on or before the Effective Date, to the extent not already current.

Commencing on the Effective Date, the Debtor shall resume and continue making the regular contractual monthly payments, currently estimated to be $2,197.58 per month, with such payments continuing according to the original terms of the loan documents. The monthly

payment amount is subject to change upon notice to the Debtor for escrow adjustments, including changes in taxes and insurance. Except as expressly provided herein with respect to cure of any arrearage, the rights of M&T Bank shall remain unaltered, and the maturity date, interest rate, and all other contractual terms shall remain unchanged.

In the event of default, M&T Bank shall provide written notice of default to the Debtor and Debtor's counsel, and the Debtor shall have fourteen (14) days to cure such default before M&T Bank may exercise state law remedies or seek other appropriate relief, except as otherwise ordered by the Court.

**Class 11 – Secured Claim of Navy Federal Credit Union**

Class 11 consists of the allowed secured claim of Navy Federal Credit Union, secured by a 2025 Harley-Davidson Road Glide (the "Collateral").

The Debtor shall retain the Collateral, and the claim of Navy Federal Credit Union shall be paid in the amount of $55,806.88, together with interest at the rate of 8.50% per annum, in equal monthly installments over sixty (60) months. Based on that assumed interest rate, the monthly payment shall be approximately $1,145.00 per month for sixty (60) months.

Payments shall commence on the Effective Date and continue on the same day of each successive month until the claim is paid in full. Navy Federal Credit Union shall retain its lien on the Collateral until the allowed secured claim is paid in full pursuant to this Plan, at which time the lien shall be released.

In the event of default, Navy Federal Credit Union shall provide written notice of default to the Debtor and Debtor's counsel, and the Debtor shall have fourteen (14) days to cure such default before Navy Federal Credit Union may exercise state law remedies or seek other appropriate relief, except as otherwise ordered by the Court.

**Class 12 – Secured Claim of Navy Federal Credit Union**

Class 12 consists of the allowed secured claim of Navy Federal Credit Union, secured by a 2018 Porsche Panamera (the "Collateral").

The Debtor shall retain the Collateral, and the claim of Navy Federal Credit Union shall be paid in the amount of $28,406.36, together with interest at the rate of 8.50% per annum, in equal monthly installments over sixty (60) months. Based on that assumed interest rate, the monthly payment shall be approximately $583.00 per month for sixty (60) months.

Payments shall commence on the Effective Date and continue on the same day of each successive month until the claim is paid in full. Navy Federal Credit Union shall retain its lien on the Collateral until the allowed secured claim is paid in full pursuant to this Plan, at which time the lien shall be released.

In the event of default, Navy Federal Credit Union shall provide written notice of default to the Debtor and Debtor's counsel, and the Debtor shall have fourteen (14) days to cure such default before Navy Federal Credit Union may exercise state law remedies or seek other appropriate relief, except as otherwise ordered by the Court.

**Class 13 – Secured Claim of Pac Western Financial, LLC**

Pac Western Bank shall hold an allowed unsecured claim in the amount of $75,510.00. The Debtor shall pay Pac Western Bank's allowed claim in full through the Plan over sixty (60) months at zero percent (0%) interest in the amount of $1,258.50 per month. Upon Pac Western Bank's receipt of payment in full of the $75,510.00 allowed claim, Pac Western Bank shall release, cancel, and satisfy any judgment lien it holds against the Debtor or the Debtor's property arising from the underlying judgment. Pac Western Bank shall execute and file any release,

satisfaction, cancellation, or other document reasonably necessary to evidence the release of its judgment lien.

**Class 14 – Secured Claim of Synchrony Bank**

Class 14 consists of the allowed secured claim of Synchrony Bank, secured by a 2025 enclosed trailer (the "Collateral").

The Debtor shall retain the Collateral, and the claim of Synchrony Bank shall be paid in the amount of $14,009.72, together with interest at the rate of 8.50% per annum, in equal monthly installments over sixty (60) months. Based on that assumed interest rate, the monthly payment shall be approximately $287.00 per month for sixty (60) months.

Payments shall commence on the Effective Date and continue on the same day of each successive month until the claim is paid in full. Synchrony Bank shall retain its lien on the Collateral until the allowed secured claim is paid in full pursuant to this Plan, at which time the lien shall be released.

In the event of default, Synchrony Bank shall provide written notice of default to the Debtor and Debtor's counsel, and the Debtor shall have fourteen (14) days to cure such default before Synchrony Bank may exercise state law remedies or seek other appropriate relief, except as otherwise ordered by the Court.

**Class 15 – Secured Claim of Synchrony Bank**

Class 15 consists of the allowed secured claim of Synchrony Bank, secured by a 2023 Vanderhall Carmel GT (the "Collateral").

The Debtor shall retain the Collateral, and the claim of Synchrony Bank shall be paid in the amount of $33,672.32, together with interest at the rate of 8.50% per annum, in equal

monthly installments over sixty (60) months. Based on that assumed interest rate, the monthly payment shall be approximately $691.00 per month for sixty (60) months.

Payments shall commence on the Effective Date and continue on the same day of each successive month until the claim is paid in full. Synchrony Bank shall retain its lien on the Collateral until the allowed secured claim is paid in full pursuant to this Plan, at which time the lien shall be released.

In the event of default, Synchrony Bank shall provide written notice of default to the Debtor and Debtor's counsel, and the Debtor shall have fourteen (14) days to cure such default before Synchrony Bank may exercise state law remedies or seek other appropriate relief, except as otherwise ordered by the Court.

**Class 16 – General Unsecured Claims**

Class 16 consists of all general unsecured claims against the Debtor.

Each holder of an allowed general unsecured claim shall be paid in full, without interest, in equal monthly installments over a period of sixty (60) months, with payments commencing on the Effective Date. Payments shall be made by the Debtor, as debtor-in-possession, except as otherwise provided herein or ordered by the Court.

The following general unsecured claims have been filed, are allowed for purposes of this Plan, and shall be paid in full over sixty (60) months at zero percent (0.00%) interest:

| Creditor Name | Total Claim Amount |
|---|---|
| **Internal Revenue Service** | $35,356.59 |
| **Harley-Davidson Financial Services** | $8,360.15 |
| **Ally** | $42,185.34 |
| **American Express (POC 10)** | $1,809.2 |
| **American Express (POC 11)** | $7,744.74 |

| | |
|---|---|
| **American Express (POC 12)** | $2,685.34 |
| **Citizens Bank N.A.** | $2,133.24 |
| **First National Bank of Omaha** | $7,3149.26 |
| **Headway** | $55,298.12 |
| **Midland** | $161,769.68 |
| **Navy Federal Credit Union (POC 14)** | $7,314.21 |
| **Navy Federal Credit Union (POC 29)** | $1,770.64 |
| **Navy Federal Credit Union (POC 15)** | $1,770.64 |
| **ODK Capital LLC** | $98,004.75 |
| **OneMain Financial** | $9,514.92 |
| **UniSource Capital** | $9,336.16 |
| **Keystone (to be allowed upon amendment for deficiency claim after disposing of collateral)** | $82,234.12 |

A creditor whose claim is listed in the Debtor's schedules as undisputed, noncontingent, and liquidated is not required to file a proof of claim unless the creditor disagrees with the amount, classification, or treatment of its scheduled claim. Such a claim will be treated as filed in the amount stated in the Debtor's schedules, subject to any objection or other order of the Court.

A creditor whose claim is not scheduled, or is scheduled as disputed, contingent, or unliquidated, must timely file a proof of claim to be entitled to vote on the Plan or receive a distribution under the Plan. If such a creditor does not timely file a proof of claim, the creditor will receive no distribution under the Plan on account of that claim and will not be treated as a creditor for purposes of voting or distribution.

Upon entry of the Debtor's discharge, any prepetition claim that is subject to discharge will be discharged regardless of whether a proof of claim was filed, allowed, or paid under the Plan. Accordingly, a creditor holding a claim scheduled as disputed, contingent, or unliquidated that fails to timely file a proof of claim will receive no payment under the Plan, and the underlying debt will be discharged to the extent provided by the Bankruptcy Code and the confirmation order.

Notwithstanding the foregoing, with respect to any claim for which the Court has entered an order disallowing the claim, including but not limited to claims subject to orders entered at Docket Nos. 43, 44, and 45, no distribution shall be made unless and until a new or amended proof of claim is timely filed in accordance with the terms of such order and allowed by the Court. If no such claim is filed and allowed, the claim shall receive no distribution and shall be discharged to the fullest extent permitted by applicable law.

**ARTICLE IV**

**MEANS FOR IMPLEMENTATION OF THE PLAN**

**Section 4.1 – Continued Operation and Case Structure**

The Debtor shall remain in possession of all property of the estate and shall continue operating the Debtor's business and managing the Debtor's financial affairs as debtor-in-possession pursuant to 11 U.S.C. §§ 1184 and 1185 unless otherwise ordered by the Court. This Plan is not a liquidating plan. If the Debtor sells any material asset during the Plan term, the Debtor shall comply with the Bankruptcy Code, the Bankruptcy Rules, and any applicable order of the Court.

**Section 4.2 – Source of Plan Funding**

Funding for the Plan shall be derived from the Debtor's future earnings, future business income, income generated from the continued operation of the Debtor's business and assets, and any non-exempt or non-encumbered proceeds available for plan funding.

**Section 4.3 – Plan Payments and Distribution Method**

Unless otherwise specifically provided herein or ordered by the Court, all payments required under this Plan shall be made directly by the Debtor beginning on the Effective Date.

**Section 4.4 – Administrative Claim Funding**

Administrative Claims, including allowed Professional Fees and allowed Subchapter V Trustee fees and expenses, shall be funded from the Debtor's postpetition and post-confirmation income. The Debtor shall maintain sufficient liquidity after the Effective Date to pay Administrative Claims and the first month of Plan payments.

**Section 4.5 – Retention of Causes of Action**

Except as otherwise expressly provided herein, the Debtor retains and preserves all claims, defenses, causes of action, avoidance actions, preference claims, fraudulent transfer claims, offsets, recoupment rights, and rights of recovery existing as of the Effective Date,

including claims arising under Chapter 5 of the Bankruptcy Code. Confirmation of this Plan shall not constitute a waiver of any such rights. The Debtor shall remain the representative of the estate for purposes of pursuing or resolving retained causes of action unless the Court orders otherwise.

**Section 4.6 – Sale or Refinancing of Assets**

The Debtor reserves the right to sell, refinance, transfer, encumber, or otherwise dispose of assets in the ordinary course of business. Transactions outside the ordinary course shall require notice and approval to the extent required by the Bankruptcy Code, Bankruptcy Rules, or any order of the Court. Any resulting secured deficiency claim shall be treated as provided in Class 16 if timely asserted and allowed.

## ARTICLE V

## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**Section 5.1 – Assumption and Rejection**

Except as otherwise provided herein or by separate order of the Court, all executory contracts and unexpired leases not previously rejected shall be deemed assumed upon the Effective Date pursuant to 11 U.S.C. § 365. Any executory contract or unexpired lease the Debtor intends to reject shall be identified by separate notice, plan supplement, or motion.

**Section 5.2 – Cure Obligations**

Any defaults required to be cured in connection with assumption shall be cured on terms agreed upon by the parties or as ordered by the Court. Unless a cure amount is timely disputed, the cure amount stated by the Debtor in any notice or plan supplement shall control.

## ARTICLE VI

## CLAIMS PROCEDURES

**Section 6.1 – Allowance of Claims**

A claim shall be deemed allowed only to the extent a proof of claim is timely filed and not objected to, or to the extent the claim is allowed by final order of the Court.

**Section 6.2 – Objections to Claims**

The Debtor reserves the right to object to any claim. Objections to claims may be filed on or before one hundred eighty (180) days following the Effective Date, unless extended by order of the Court. No failure to object before confirmation shall constitute allowance of a claim unless the Confirmation Order expressly provides otherwise.

**Section 6.3 – Disputed Claims**

No distributions shall be made on disputed claims unless and until such claims become Allowed Claims. If a disputed claim becomes an Allowed Claim after the Effective Date, the Debtor shall make distributions to that claimant in accordance with the treatment for the applicable class, with catch-up payments made over a reasonable period if necessary to maintain feasibility.

**Section 6.4 – Claim Register and Collateral Audit**

Before the confirmation hearing, the Debtor shall review the claims register, schedules, collateral descriptions, lien priorities, duplicate asset descriptions, and any deficiency exposure. Any disputed lien, duplicate claim, duplicate collateral description, or asserted deficiency shall be addressed by objection, stipulation, plan supplement, or further order of the Court.

**ARTICLE VII**

**FEASIBILITY, BEST INTERESTS, AND SUPPORTING DOCUMENTS**

**Section 7.1 – Feasibility Showing**

The Debtor has filed a profit and loss statement on the docket as Docket No. 78 demonstrating that the Debtor has sufficient income to fund the proposed Plan payment of $26,332.00 per month**.** Based on the Debtor's historical income, business revenue, expenses, and projected net income, the Debtor believes the Plan is feasible and that the Debtor will be able to make all payments required under the Plan.

**Section 7.2 – Financial Projections**

The Debtor relies upon the profit and loss statement filed as Docket No. 78, together with any testimony or additional evidence offered at confirmation, to establish the Debtor's projected income, expenses, and ability to make the required monthly Plan payment. The Debtor's projected disposable income is sufficient to fund the Plan and pay allowed claims as provided herein.

**Section 7.3 – Liquidation Analysis**

The Debtor concedes that a liquidation analysis would show that liquidation of the Debtor's non-exempt assets would result in payment in full of allowed unsecured claims. Accordingly, the Plan provides for payment in full of allowed unsecured claims, and the Debtor submits that the Plan satisfies the liquidation requirements of the Bankruptcy Code.

**Section 7.4 – Disposable Income**

The Debtor is committing disposable income in an amount sufficient to pay allowed claims in full through the Plan. The Debtor shall make monthly Plan payments**,** which payments are projected to be sufficient to pay all allowed claims in full as provided under the Plan. To the

extent required by 11 U.S.C. § 1191(c)(2), the Debtor commits projected disposable income, or property of equivalent value, toward Plan payments during the applicable commitment period

## ARTICLE VIII

## EFFECT OF CONFIRMATION

**Section 8.1 – Vesting of Property**

Except as otherwise provided herein, in the Confirmation Order, or as required under 11 U.S.C. § 1186, all property of the estate shall vest in the Debtor upon confirmation free and clear of claims and interests except as otherwise provided in this Plan.

**Section 8.2 – Binding Effect**

Upon confirmation, the provisions of this Plan shall bind the Debtor and all creditors pursuant to 11 U.S.C. § 1141(a), as modified by Subchapter V.

**Section 8.3 – Preservation of Liens**

Except as expressly modified herein, valid perfected liens shall survive confirmation until satisfied under the terms of this Plan, avoided by order of the Court, released by agreement, or otherwise extinguished under applicable law.

**Section 8.4 – Notice of Effective Date and Substantial Consummation**

Within seven (7) days after the Effective Date, the Debtor shall file and serve a Notice of Effective Date. Within seven (7) days after substantial consummation of the Plan, the Debtor shall file and serve a Notice of Substantial Consummation. If the Plan is confirmed pursuant to 11 U.S.C. § 1191(a), the Notice of Substantial Consummation may also request termination of the Subchapter V Trustee's service unless otherwise ordered by the Court.

**Section 8.5 – Monthly Operating Reports**

The Debtor shall file all monthly operating reports required by the Bankruptcy Code, Bankruptcy Rules, and any orders of this Court through the month in which the Effective Date occurs.

After the Effective Date, the Debtor shall not be required to file monthly operating reports unless otherwise ordered by the Court.

## ARTICLE IX

## DISCHARGE AND INJUNCTION

**Section 9.1 – Discharge if Confirmed Under 11 U.S.C. § 1191(a)**

If this Plan is confirmed pursuant to 11 U.S.C. § 1191(a), the Debtor shall receive a discharge as provided by 11 U.S.C. § 1141(d), subject to all exceptions and limitations applicable to an individual Chapter 11 debtor and except as otherwise provided in the Confirmation Order.

**Section 9.2 – Discharge if Confirmed Under 11 U.S.C. § 1191(b)**

If this Plan is confirmed pursuant to 11 U.S.C. § 1191(b), the Debtor shall receive a discharge only upon completion of all payments of the Plan. The discharge shall be subject to all exceptions and limitations applicable under the Bankruptcy Code.

**Section 9.3 – Injunction**

Except as otherwise provided herein, confirmation and discharge shall operate as an injunction against collection activity to the extent provided by applicable bankruptcy law. Nothing in this Plan prevents a creditor from enforcing rights preserved under the Plan, seeking relief from the Court after default, or exercising remedies after the automatic stay or discharge injunction is no longer applicable.

## ARTICLE X

## SUBCHAPTER V TRUSTEE ADMINISTRATION

**Section 10.1 – Trustee Role and Termination**

The Subchapter V Trustee shall continue to perform those duties required under the Bankruptcy Code and any orders of the Court. If this Plan is confirmed pursuant to 11 U.S.C. § 1191(a), the service of the Subchapter V Trustee shall terminate upon substantial consummation of the Plan, unless otherwise ordered by the Court. If this Plan is confirmed pursuant to 11 U.S.C. § 1191(b), the Subchapter V Trustee shall continue serving after confirmation and shall continue performing such duties as required by the Bankruptcy Code until completion of Plan payments, entry of discharge, dismissal, conversion, or further order of the Court.

**Section 10.2 – Trustee Fees and Fee Applications**

Allowed fees and expenses of the Subchapter V Trustee shall be treated as Administrative Claims. The Subchapter V Trustee shall file any final or interim fee application by the deadline established in the Confirmation Order, or if no deadline is established, within thirty (30) days after substantial consummation in a consensual case or within thirty (30) days after completion of payments, dismissal, conversion, or further order of the Court in a nonconsensual case. The Debtor shall pay allowed Trustee fees from postpetition or post-confirmation income on the schedule provided in Article II or as otherwise ordered by the Court.

## ARTICLE XI

## DEFAULT AND REMEDIES

**Section 11.1 – Default**

A default shall occur if the Debtor fails to make payments required under this Plan or otherwise materially breaches its provisions.

**Section 11.2 – Notice and Opportunity to Cure**

Unless otherwise provided for a particular class, a creditor asserting default shall provide written notice of default to the Debtor and Debtor's counsel. The Debtor shall have fourteen (14) days to cure monetary defaults and thirty (30) days to cure nonmonetary defaults.

**Section 11.3 – Remedies Upon Default**

If a default is not cured, the affected creditor may seek appropriate relief from the Bankruptcy Court, including stay relief, dismissal, conversion, enforcement of Plan provisions, or other available relief. No creditor may exercise remedies inconsistent with the Plan, the Confirmation Order, or applicable bankruptcy law without first obtaining any relief required by the Bankruptcy Court.

## ARTICLE XII

## RETENTION OF JURISDICTION

The Bankruptcy Court shall retain jurisdiction after confirmation to resolve claim objections; interpret and enforce Plan provisions; enter orders necessary for consummation; resolve disputes regarding implementation; determine requests for fees and expenses; address defaults under the Plan; adjudicate retained causes of action; determine discharge issues; consider requests for final decree; and enter such orders as may be necessary to carry out the provisions of this Plan.

## ARTICLE XIII

## MISCELLANEOUS PROVISIONS

**Section 13.1 – Modification**

The Debtor reserves the right to modify this Plan pursuant to applicable provisions of the Bankruptcy Code.

**Section 13.2 – Governing Law**

Except where superseded by federal bankruptcy law, Mississippi law shall govern interpretation and enforcement of this Plan.

**Section 13.3 – Severability**

If any provision of this Plan is determined unenforceable, the remaining provisions shall remain in full force and effect.

**Section 13.4 – Plan Supplements and Exhibits**

The Debtor may file plan supplements, exhibits, liquidation analyses, financial projections, updated claim summaries, and other supporting documents before confirmation. Such documents shall be incorporated into the confirmation record and may be considered in determining feasibility, best interests of creditors, disposable income, and compliance with Subchapter V.

Respectfully submitted,

By: /s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr. (MSBN 103469)
The Rollins Law Firm
P.O. Box 13767
Jackson, MS 39236
601.500.5333
trollins@therollinsfirm.com
Attorney for Donshekie Barrett

Official Form 314  (02/20)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE Southern DISTRICT OF MISSISSIPPI

IN RE:   **Donshekie Barrett, Debtor**                                  Case No. 25-51624-KMS
                                                                           **CHAPTER 11**

# Class ___ Ballot for Accepting or Rejecting Plan of Reorganization

Donshekie Barrett filed a plan of reorganization dated June 10, 2026 (the Plan) for the Debtor in this case.

**You should review the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your claim has been placed in class ___ under the Plan. If you hold claims or equity interests in more than one class, you will receive a ballot for each class in which you are entitled to vote.**

**If your ballot is not received by Thomas C. Rollins, Jr. on or before July 30, 2026, and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan.**

**If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.**

**Acceptance or Rejection of the Plan**

The undersigned, the holder of a Class _____ claim against the Debtor in the unpaid amount of
_____Dollars ($_____)

*Check one box only*

❑   **Accepts the plan**

❑   **Rejects the plan**

Dated: _____          Print or type name: _____

Signature:          _____ Title _____

Address:          _____

                    _____

                    _____

**Return this ballot to:**
Thomas C. Rollins, Jr.
P.O. Box 13767
Jackson, MS 39236

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

DONSHEKIE BARRETT

CASE NO: 25-51624

**DECLARATION OF MAILING
CERTIFICATE OF SERVICE**

Chapter: 11

On 6/15/2026, I did cause a copy of the following documents, described below,

Order

Plan

Ballot

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.Bankr.P. 9001(9) and 2002(g)(4). A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 6/15/2026

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr.

The Rollins Law Firm
702 West Pine St
Hattiesburg, MS 39401
601-500-5533
trollins@therollinsfirm.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

DONSHEKIE BARRETT

CASE NO: 25-51624

**CERTIFICATE OF SERVICE
DECLARATION OF MAILING**

Chapter: 11

On 6/15/2026, a copy of the following documents, described below,

Order

Plan

Ballot

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 6/15/2026

Victoria Blake
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Thomas C. Rollins, Jr.
The Rollins Law Firm
702 West Pine St
Hattiesburg, MS  39401

**(The following pages contain parties served via First Class USPS Mail Service unless stated otherwise.)**

CASE INFO

| | | |
|---|---|---|
| LABEL MATRIX FOR LOCAL NOTICING<br>NCRS ADDRESS DOWNLOAD<br>CASE 25-51624<br>SOUTHERN DISTRICT OF MISSISSIPPI<br>MON JUN 15 12-8-23 PST 2026 | ALLY BANK  CO AIS PORTFOLIO SERVICES  LLC<br>4515 N SANTA FE AVE DEPT APS<br>OKLAHOMA CITY  OK 73118-7901 | AMUR EQUIPMENT FINANCE<br>304 W 3RD ST<br>GRAND ISLAND  NE 68801-5941 |
| AXIS TITLE  LLC<br>CO WELTMAN  WEINBERG  REIS CO  LPA<br>5990 WEST CREEK ROAD  SUITE 200<br>INDEPENDENCE  OH 44131-2191 | BMW BANK OF NORTH AMERICA  CO AIS PORTFOLIO<br>4515 N SANTA FE AVE DEPT APS<br>OKLAHOMA CITY  OK 73118-7901 | CAPITAL ONE AUTO FINANCE  A DIVISION OF CAPI<br>4515 N SANTA FE AVE DEPT APS<br>OKLAHOMA CITY  OK 73118-7901 |
| EASTERN FUNDING LLC DBA SPECIALTY VEHICLE<br>CO TIMOTHY J ANZENBERGER<br>ADAMS  REESE  LLP<br>1018 HIGHLAND COLONY PARKWAY  SUITE 800<br>RIDGELAND  MS 39157-2057 | KEYSTONE EQUIPMENT FINANCE CORP<br>525 N TRYON ST STE 1000<br>CHARLOTTE  NC 28202-0210 | ~~EXCLUDE~~<br>~~(U)MT BANK~~ |
| MIDLAND STATES BANK<br>ORION FIRST FINANCIAL CO L GINO MARCHE<br>2908 POSTON AVENUE<br>NASHVILLE  TN 37203-1309 | PAC WESTERN FINANCIAL  LLC<br>PO BOX 1726<br>DRAPER  UT 84020-1726 | (P)STEARNS BANK NATIONAL ASSOCIATION<br>ATTN LEGAL DEPARTMENT<br>4191 2ND STREET SOUTH<br>ST CLOUD MN 56301-3761 |
| SYNCHRONY BANK CO AIS PORTFOLIO SERVICES LL<br>4515 N SANTA FE AVE DEPT APS<br>OKLAHOMA CITY  OK 73118-7901 | ~~EXCLUDE~~<br>~~US BANKRUPTCY COURT~~<br>~~DAN M RUSSELL  JR US COURTHOUSE~~<br>~~2012 15TH STREET  SUITE 244~~<br>~~GULFPORT  MS 39501-2036~~ | AMUR<br>PO BOX 2555<br>GRAND ISLAND  NE 68802-2555 |
| ALLY<br>PO BOX 9001951<br>LOUISVILLE  KY 40290-1951 | ALLY BANK DEPARTMENT<br>AIS PORTFOLIO SERVICES  LLC<br>4515 N SANTA FE AVE DEPT APS<br>OKLAHOMA CITY  OK 73118-7901 | ~~EXCLUDE~~<br>~~(D)ALLY BANK CO AIS PORTFOLIO SERVICES  LLC~~<br>~~4515 N SANTA FE AVE DEPT APS~~<br>~~OKLAHOMA CITY  OK 73118-7901~~ |
| AMERICAN EXPRESS<br>PO BOX 981537<br>EL PASO  TX 79998-1537 | AMERICAN EXPRESS NATIONAL BANK<br>CO BECKET AND LEE LLP<br>PO BOX 3001<br>MALVERN  PA 19355-0701 | AMEX<br>PO BOX 981535<br>EL PASO  TX 79998-1535 |
| ~~EXCLUDE~~<br>~~(U)AMUR EQUIPMENT FINANCE 304 W 3RD ST GRAND IS~~ | ANDREW HAMMOND  ESQ<br>YOUNG WELLS WILLIAMS PA<br>FOR PAC WESTERN FINANCIAL  LLC<br>PO BOX 6005<br>RIDGELAND  MS 39158-6005 | (P)ASCENTIUM CAPITAL<br>ATTN BANKRUPTCY<br>23970 US 59 NORTH<br>KINGWOOD TX 77339-1535 |
| ATOB<br>1 EMBARCADERO CTR<br>STE 1200<br>SAN FRANCISCO  CA 94111-3617 | AXIS TITLE  LLC ASSIGNEE OF AMUR EQUIPMENT F<br>CO WELTMAN  WEINBERG  REIS CO  LPA<br>5990 WEST CREEK ROAD  SUITE 200<br>INDEPENDENCE  OH 44131-2191 | BMW<br>PO BOX 78066<br>PHOENIX  AZ 85062-8066 |

BMW BANK OF NORTH AMERICA
CO AIS PORTFOLIO SERVICES  LLC
4515 N SANTA FE AVE DEPT APS
OKLAHOMA CITY  OK 73118-7901

BMW BANK OF NORTH AMERICA DEPARTMENT
AIS PORTFOLIO SERVICES  LLC
4515 N SANTA FE AVE DEPT APS
OKLAHOMA CITY  OK 73118-7901

BANK OF AMERICA
ATTN BANKRUPTCY
4909 SAVARESE CIRCLE
TAMPA  FL 33634-2413

BANK OF AMERICA
ATTN BANKRUPTCY
POB 26012
GREENSBORO  NC 27420-6012

BANK OF AMERICA  NA
PO BOX 31785
TAMPA  FL 33631-3785

CADENCE BANK
2910 W JACKSON ST
TUPELO  MS 38801-6799

CAPITAL ONE
ATTN BANKRUPTCY
PO BOX 30285
SALT LAKE CITY  UT 84130-0285

CAPITAL ONE AUTO
ATTN BANKRUPTCY
7933 PRESTON RD
PLANO  TX 75024-2359

CAPITAL ONE AUTO FINANCE  A DIVISION OF
CAPITAL ONE  NA DEPARTMENT
AIS PORTFOLIO SERVICES  LLC
4515 N SANTA FE AVE DEPT APS
OKLAHOMA CITY  OK 73118-7901

EXCLUDE

CHASE AUTO FINANCE
ATTN BANKRUPTCY
700 KANSAS LANE
MONROE  LA 71203-4774

(P)CITIZENS BANK N A
ATTN BANKRUPTCY TEAM
ONE CITIZENS BANK WAY
JCA115
JOHNSTON RI 02919-1922

(D)(P)CITIZENS BANK N A
ATTN BANKRUPTCY TEAM
ONE CITIZENS BANK WAY
JCA115
JOHNSTON RI 02919 1922

EXCLUDE

DB TRANSPORT LLC
5043 FAIRBURY WAY
DIBERVILLE  MS 39540-1000

DLL FINANCE LLC
ATTN BANKRUPTCY
8001 BIRCHWOOD CT
JOHNSTON  IA 50131-2889

(D)DLL FINANCE LLC
ATTN BANKRUPTCY
8001 BIRCHWOOD CT
JOHNSTON  IA 50131 2889

DOCUSIGN
221 MAIN ST
STE 800
SAN FRANCISCO  CA 94105-1921

EASTERN FUNDING LLC
213 W 35TH ST
STE 2W
NEW YORK  NY 10001-0217

EASTERN FUNDING  LLC
CO TIMOTHY J ANZENBERGER
ADAMS  REESE  LLP
1018 HIGHLAND COLONY PKWY  SUITE 800
RIDGELAND  MS 39157-2057

EXCLUDE

FIRST COMMERCE OF AMER
155 B AVE  300
CHAPEL HILL  TN 37034

(P)FIRST NATIONAL BANK OF OMAHA
1601 DODGE ST
STOP CODE 3113
OMAHA NE 68102-1637

(D)(P)FIRST NATIONAL BANK OF OMAHA
1601 DODGE ST
STOP CODE 3113
OMAHA NE 68102 1637

EXCLUDE

(P)GREENWOOD CREDIT UNION
ATTN BANKRUPTCY
2700 POST RD
WARWICK RI 02886-3003

(D)(P)GREENWOOD CREDIT UNION
ATTN BANKRUPTCY
2700 POST RD
WARWICK RI 02886 3003

HARLEY DAVIDSON
ATTN BANKRUPTCY
PO BOX 22048
CARSON CITY  NV 89721-2048

HARLEYDAVIDSON CREDIT CORP
PO BOX 9013
ADDISON  TEXAS 75001-9013

HEADWAY
4700 W DAYBREAK PKWY
STE 200
SOUTH JORDAN  UT 84009-5133

(P)HEADWAY CAPITAL
175 W JACKSON BLVD SUITE 1000
CHICAGO IL 60604-2863

INTERNAL REVENUE SERVI
CENTRALIZED INSOLVENCY
PO BOX 7346
PHILADELPHIA  PA 19101-7346

INTERNAL REVENUE SERVI
CO US ATTORNEY
501 EAST COURT ST
STE 4430
JACKSON  MS 39201-5025

(P)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

JPMORGAN CHASE BANK  NA
NATIONAL BANKRUPTCY DEPARTMENT
700 KANSAS LANE  LA4- 5599
MONROE  LA 71203-4774

JIM F SPENCER  JR
WATKINS  EAGER PLLC
FOR KEYSTONE EQUIPMENT FINANCE CORP
POST OFFICE BOX 650
JACKSON  MS 39205-0650

KEYSTONE EFC
433 S MAIN ST SUITE 30
WEST HARTFORD  CT 06110-1670

EXCLUDE

(D)KEYSTONE EQUIPMENT FINANCE CORP
525 N TRYON ST STE 1000
CHARLOTTE  NC 28202-0210

(P)MT BANK
LEGAL DOCUMENT PROCESSING
626 COMMERCE DRIVE
AMHERST NY 14228-2307

EXCLUDE

(D)(P)MT BANK
LEGAL DOCUMENT PROCESSING
626 COMMERCE DRIVE
AMHERST NY 14228-2307

(P)MISSISSIPPI STATE TAX COMMISSION
P O BOX 22808
JACKSON MS 39225-2808

MIDLAND STATES BANK
ORION FIRST FINANCIAL
CO GINO MARCHETTI  JR
2908 POSTON AVENUE
NASHVILLE  TN 37203-1309

NAVY FCU
ATTN  BANKRUPTCY
PO BOX 3000
MERRIFIELD  VA 22119-3000

EXCLUDE

NAVY FEDERAL CU
ATTN BANKRUPTCY
PO BOX 3302
MERRIFIELD  VA 22119-3302

NAVY FEDERAL CREDIT UNION
PO BOX 3000
MERRIFIELD  VA 22119-3000

(D)NAVY FEDERAL CREDIT UNION
PO BOX 3000
MERRIFIELD  VA  22119-3000

ODK CAPITAL LLC
4700 W DAYBREAK PKWY  STE 200
SOUTH JORDAN UT 84009-5133

ON DECK
4700 W  DAYBREAK PKWY
SOUTH JORDAN  UT 84009-5133

ONEMAIN FINANCIAL GROUP  LLC
PO BOX 3251
EVANSVILLE  IN 47731-3251

ONEMAIN
PO BOX 1010
EVANSVILLE  IN 47706-1010

PACWESTERN
222 S MAIN ST 5TH FL
SALT LAKE CIT  UT 84101-2185

SBA
801 TOM MARTIN DR
STE 210
BIRMINGHAM  AL 35211-6426

EXCLUDE

SBA
CO US ATTORNEYS OFFI
501 E COURT ST
STE 4430
JACKSON  MS 39201-5025

(D)(P)STEARNS BANK NATIONAL ASSOCIATION
ATTN LEGAL DEPARTMENT
4191 2ND STREET SOUTH
ST CLOUD MN 56301-3761

STEPHEN B ELGGREN
PO BOX 1726
DRAPER  UT 84020-1726

SYNCHRONY
ATTN BANKRUPTCY
PO BOX 955060
ORLANDO  FL 32896-5060

SYNCHRONY BANK
PO BOX 965073
ORLANDO  FL 32896-5073

SYNCHRONY BANK DEPARTMENT
AIS PORTFOLIO SERVICES  LLC
4515 N SANTA FE AVE DEPT APS
OKLAHOMA CITY  OK 73118-7901

SYNCHRONY BANK CO AIS PORTFOLIO SERVICES  L
4515 N SANTA FE AVE DEPT APS
OKLAHOMA CITY  OK 73118-7901

TIMOTHY J ANZENBERGER
ADAMS AND REESE LLP
FOR EASTERN FUNDING LLC DBA SPECIALTY
1018 HIGHLAND COLONY PARKWAY  SUITE 800
RIDGELAND  MS 39157-2057

US ATTORNEY SD MISSISSIPPI
CO INTERNAL REVENUE SERVICE
1575 20TH AVENUE  2ND FLOOR
GULFPORT  MS 39501-2040

US ATTORNEY SD MISSISSIPPI
CO US SECURITIES AND EXCHANGE COMMISS
1575 20TH AVENUE  2ND FLOOR
GULFPORT  MS 39501-2040

US SECURITIES AND EXCHANGE COMMISSION
OFFICE OF REORGANIZATION
950 EAST PACES FERRY ROAD  SUITE 900
ATLANTA  GA 30326-1382

US ATTORNEY GENERAL
US DEPT OF JUSTICE
950 PENNSYLVANIA AVENW
WASHINGTON  DC 20530-0001

EXCLUDE

UNISOURCE CAPITAL
214 CANTON RD
STE 1
CUMMING  GA 30040-2370

UNISOURCE CAPITAL
COHN  DUSSI  LLC
255 STATE STREET SUITE 7B
BOSTON  MA 02109-2613

UNITED STATES TRUSTEE
501 EAST COURT STREET
SUITE 6 430
JACKSON  MS 39201 5022

DEBTOR

DONSHEKIE BARRETT
5043 FAIRBURY WAY
DIBERVILLE  MS 39540-1000

EXCLUDE

KIMBERLY D STRONG
HARPER  RAINS  KNIGHT  COMPANY
1052 HIGHLAND COLONY PARKWAY  SUITE 100
RIDGELAND  MS 39157 8764

EXCLUDE

THOMAS CARL ROLLINS JR
THE ROLLINS LAW FIRM  PLLC
PO BOX 13767
JACKSON  MS 39236 3767