**IN THE UNITED STATES BANKRUPTCY COURT FOR**
**THE SOUTHERN  DISTRICT OF MISSISSIPPI**
**GULFPORT-6 DIVISIONAL OFFICE**

IN RE:

|  |  |  |
|---|---|---|
| | * | |
| **DONSHEKIE BARRETT,** | * | **CASE NUMBER: 25-51624 KMS** |
| | * | |
| Debtor. | * | |

**MOTION FOR RELIEF FROM AUTOMATIC STAY**

**Capital One Auto Finance, a division of Capital One, N.A.**  (hereinafter "Creditor") respectfully shows and represents unto this Court as follows:

1.      The Debtor, **Donshekie Fredrick Barrett**  (hereinafter "Debtor") entered into a Retail Installment Sales Contract (hereinafter "Contract") with Matt Bowers Hyundai Gulfport (hereinafter "Dealership") granting a security interest in the following personal property:

**2023 HYUNDAI  ELANTRA SEDAN 4D SEL 2.0L I4**
**VIN NUMBER: KMHLM4AG8PU433892**

Contemporaneously with its execution, the contract was assigned to Creditor, a copy of said Contract is annexed hereto and made part hereof by reference.

2.      The security interest of the Movant in the above described personal property was perfected by the issuance of the Certificate of Title, a copy of Creditor's Secured Title annexed hereto and made part hereof by reference.

3.      Debtor is in default in payments post-petition under the terms of the aforementioned Contract  in the sum of $3,395.98 as of May 14th, 2026.

4.      Kimberly D. Strong  was appointed  Trustee of the estate of said Debtor, has qualified and is now acting as such Trustee.

5.      The Creditor hereby request attorney fees and court cost for filing this motion.

6.      The Creditor expressly determines that there is no reason for delay and expressly directs that this Order be entered as a Final Order against the Debtor and Trustee and is therefore immediately effective to terminate the automatic stay and shall not be subject to Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

WHEREFORE, Movant, **Capital One Auto Finance, a division of Capital One, N.A.**  respectfully moves the Court to enter an Order against the Debtor and Trustee terminating the automatic stay imposed by 11 U.S.C. 362, and Movant being allowed to

file a proof of claim to reflect the balance for any Deficiency upon the entry of this order, Ordering the Debtor to make said collateral available for the Creditor's possession and allowing Creditor to contact the Debtor for the sole purpose of making arrangements for the return of the collateral.

**William C. Poole, LLC**
**Attorneys For**
**Capital One Auto Finance, a division of**
**Capital One, N.A.**

BY: /s/ Wesley H. Blacksher
**WESLEY H. BLACKSHER BAR103026**
**For the Firm**
**917 Western America Circle**
**Suite 210**
**Mobile, AL 36609**
**(251) 344-5015**

## CERTIFICATE OF SERVICE

I do hereby certify that on this the 17th day of June, 2026 a copy of the foregoing document was served on the following:

Donshekie Barrett
5043 Fairbury Way
Diberville, MS 39540

Kimberly D. Strong
Harper, Rains, Knight & Company
1052 Highland Colony Parkway
Suite 100
Ridgeland, MS 39157

Thomas Carl Rollins, Jr.
The Rollins Law Firm, PLLC
PO Box 13767
Jackson, MS 39236

U.S. Trustee
United States Trustee
501 East Court Street
Suite 6-430
Jackson, MS 39201

by ECF and/or by mailing a copy of the same United States Mail, properly addressed and first class postage prepaid.

/S/ Wesley H. Blacksher
Wesley H. Blacksher

## RETAIL INSTALLMENT SALE CONTRACT – SIMPLE FINANCE CHARGE
### (WITH ARBITRATION PROVISION)

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Seller-Creditor (Name and Address) |
|---|---|---|
| DONSHEKI FREDRICK BARRETT<br>5043 FAIRBURY WAY<br>DIBERVILLE, MS HARRISON CO, 39540 | LEAH HERNDON<br>5043 FAIRBURY WAY<br>DIBERVILLE, HARRISON, MS 39540 | MATT BOWERS HYUNDAI GULFPORT<br>624 E PASS RD<br>GULFPORT, MS 39507 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements in this contract. You agree to pay the Seller - Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used | Year | Make and Model | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|
| NEW | 2023 | HYUNDAI ELANTRA | KMHLM4AG8PU433892 | Personal, family, or household unless otherwise indicated below<br>☐ business<br>☐ agricultural  ☐ N/A |

### FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of $0.00 is |
|---|---|---|---|---|
| 7.96 % | $ 7,229.58 | $ 27,700.50 | $ 34,930.08 | $ 34,930.08 |

(e) means an estimate

**Your Payment Schedule Will Be:**

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 72 | $485.14 | Monthly beginning 12/09/2022 |
| One Final Payment Of | $ N/A | On N/A |
| N/A | | |

**Late Charge.** If a payment is not received in full within __10__ days after it is due, you will pay a late charge of __5__ % of the part of the payment that is late with a maximum charge of $ __5.00__, unless the vehicle is a commercial vehicle. For a commercial vehicle, if payment is not received in full within __15__ days after it is due, you will pay a late charge of __4__ % of the part of the payment that is late with a minimum charge of $ __5.00__ and a maximum charge of $ __50.00__.

**Prepayment.** If you pay early, you will not have to pay a penalty.

**Security Interest.** You are giving a security interest in the vehicle being purchased.

**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date and security interest.

**Used Car Buyers Guide.** The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale. **Spanish Translation: Guía para compradores de vehículos usados.** La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

☐ **VENDOR'S SINGLE INTEREST INSURANCE (VSI insurance):** If the preceding box is checked, the Creditor requires VSI insurance for the initial term of the contract to protect the Creditor for loss or damage to the vehicle (collision, fire, theft, concealment, skip). VSI insurance is for the Creditor's sole protection. This insurance does not protect your interest in the vehicle. **You may choose the insurance company through which the VSI insurance is obtained.** If you elect to purchase VSI insurance through the Creditor, **the cost of this insurance is $ N/A** and is also shown in item 4B of the Itemization of Amount Financed. The coverage is for the initial term of the contract.

**OPTIONAL GAP CONTRACT.** A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in Item 4D of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.

Term __72__ Mos.          PDS GAP
                          Name of Gap Contract

I want to buy a gap contract.

Buyer Signs X _____

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

**Agreement to Arbitrate:** By signing below, you agree that, pursuant to the Arbitration Provision on page 4 of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.

Buyer Signs X _____          Co-Buyer Signs X _____

This is not the Authoritative Copy.

This is not the Authoritative Copy.

**ITEMIZATION OF AMOUNT FINANCED**

1  Cash Price (including $ 1,110.50 _____ sales tax)  $ _____ 22,895.50 __ (1)

2  Total Downpayment =

    Trade-in N/A _____
    (Year)    (Make)    (Model)

| | | |
|---|---|---|
| Gross Trade-In Allowance | $ | N/A |
| Less Pay Off Made By Seller to N/A | $ | N/A |
| Equals Net Trade In | $ | N/A |
| + Cash | $ | N/A |
| + Other N/A | $ | N/A |
| + Other N/A | $ | N/A |
| + Other N/A | $ | N/A |

    (If total downpayment is negative, enter "0" and see 4J below)  $ _____ 0.00 __ (2)

3  Unpaid Balance of Cash Price (1 minus 2)  $ _____ 22,895.50 __ (3)

4  Other Charges Including Amounts Paid to Others on Your Behalf

    (Seller may keep part of these amounts):

  A  Cost of Optional Credit Insurance Paid to Insurance Company or Companies.
    Life            $ N/A
    Disability    $ N/A  $ _____ N/A

  B  Vendor's Single Interest Insurance Paid to Insurance Company  $ _____ N/A

  C  Other Optional Insurance Paid to Insurance Company or Companies  $ _____ N/A

  D  Optional Gap Contract  $ _____ 1,000.00

  E  Official Fees Paid to Government Agencies

| to N/A | for N/A | $ | N/A |
|---|---|---|---|
| to N/A | for N/A | $ | N/A |
| to N/A | for N/A | $ | N/A |

  F  Government Taxes Not Included in Cash Price  $ _____ N/A

  G  Government License and/or Registration Fees

    N/A
    N/A  $ _____ N/A

  H  Government Certificate of Title Fees  $ _____ 10.00

  I  Document/Service Fee  $ _____ 425.00

  A DOCUMENT/SERVICE FEE IS NOT AN OFFICIAL FEE AND IS NOT REQUIRED BY LAW, HOWEVER, IT MAY BE CHARGED TO A BUYER/LESSEE FOR THE PREPARATION, HANDLING AND PROCESSING OF DOCUMENTS AND THE PERFORMANCE OF SERVICES RELATED TO THE SALE OR LEASE OF A MOTOR VEHICLE AND MAY INCLUDE DEALER PROFIT. THIS NOTICE IS REQUIRED BY REGULATION OF THE MISSISSIPPI MOTOR VEHICLE COMMISSION.

  J  Other Charges (Seller must identify who is paid and describe purpose)

| to N/A | for Prior Credit or Lease Balance | $ | N/A |
|---|---|---|---|
| to HORIZON | for SERVICE CONTRACT | $ | 3,370.00 |
| to N/A | for N/A | $ | N/A |
| to N/A | for N/A | $ | N/A |
| to N/A | for N/A | $ | N/A |
| to N/A | for N/A | $ | N/A |
| to N/A | for N/A | $ | N/A |
| to N/A | for N/A | $ | N/A |
| to N/A | for N/A | $ | N/A |
| to N/A | for N/A | $ | N/A |
| to N/A | for N/A | $ | N/A |
| to N/A | for N/A | $ | N/A |
| to N/A | for N/A | $ | N/A |
| to N/A | for N/A | $ | N/A |

    Total Other Charges and Amounts Paid to Others on Your Behalf  $ _____ 4,805.00 __ (4)

5  Amount Financed - Principal Balance (3 + 4)  $ _____ 27,700.50 __ (5)

6  Finance Charge  $ _____ 7,229.58 __ (6)

7  Total of Payments - Time Balance (5 + 6)  $ _____ 34,930.08 __ (7)

**OPTION:** ☐ You pay no finance charge if the Amount Financed, item 5, is paid in full on or before _____ N/A _____ , Year ___ N/A ___ . SELLER'S INITIALS _____ N/A _____

**Returned Check Charge:** You agree to pay us the actual charges assessed by a financial institution up to $ ___ 15.00 ___ , if any check you give us is dishonored for insufficient funds.

---

**Insurance.** You may buy the physical damage insurance this contract requires from anyone you choose who is acceptable to us. You may also provide the physical damage insurance through an existing policy owned or controlled by you that is acceptable to us. You are not required to buy any other insurance to obtain credit unless the box indicating Vendor's Single Interest Insurance is required is checked on page 1 of this contract.

    If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

**Check the insurance you want and sign below:**
**Optional Credit Insurance**

☐ Credit Life:  ☐ Buyer ☐ Co-Buyer ☐ Both
☐ Credit Disability: ☐ Buyer ☐ Co-Buyer ☐ Both

Premium:

  Credit Life $ N/A
  Credit Disability $ N/A

Insurance Company Name N/A
N/A

Home Office Address N/A
N/A

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not buy credit life insurance and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. If you choose this insurance, the cost is shown in Item 4A of the Itemization of Amount Financed. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown below.

**Other Optional Insurance**

☐ _____ N/A _____  N/A
    Type of Insurance    Term

Premium $ N/A
Insurance Company Name N/A
N/A
Home Office Address N/A
N/A

☐ _____ N/A _____  N/A
    Type of Insurance    Term

Premium $ N/A
Insurance Company Name N/A
N/A
Home Office Address N/A
N/A

Other optional insurance is not required to obtain credit. Your decision to buy or not buy other optional insurance will not be a factor in the credit approval process. It will not be provided unless you sign and agree to pay the extra cost. I want the insurance checked above.

**X** N/A _____  N/A
Buyer Signature        Date

**X** N/A _____  N/A
Co-Buyer Signature    Date

**LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED.**

## OTHER IMPORTANT AGREEMENTS

**1. FINANCE CHARGE AND PAYMENTS**

a. **How we will figure Finance Charge.** We will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed.

b. **How we will apply payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose as the law allows.

c. **How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on page 1 of this contract on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.

d. **You may prepay.** You may prepay all or part of the unpaid part of the Amount Financed at any time without penalty. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment.

**2. YOUR OTHER PROMISES TO US**

a. **If the vehicle is damaged, destroyed, or missing.** You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.

b. **Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.

c. **Security Interest.**
You give us a security interest in:
• The vehicle and all parts or goods put on it;
• All money or goods received (proceeds) for the vehicle;
• All insurance, maintenance, service, or other contracts we finance for you; and
• All proceeds from insurance, maintenance, service, or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.
This secures payment of all you owe on this contract. It also secures your other agreements in this contract. You will make sure the title shows our security interest (lien) in the vehicle. You will not allow any other security interest to be placed on the title without our written permission.

d. **Insurance you must have on the vehicle.**
You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. You agree to name us on your insurance policy as an additional insured and as loss payee. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and the charge you must pay. The charge will be the premium for the insurance and a finance charge computed at the Annual Percentage Rate shown on page 1 of this contract or, at our option, the highest rate the law allows.

If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.

e. **What happens to returned insurance, maintenance, service, or other contract charges.** If we obtain a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

**3. IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES**

a. **You may owe late charges.** You will pay a late charge on each late payment as shown on page 1 of this contract. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments.
If you pay late, we may also take the steps described below.

b. **You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once, subject to your right to redeem the vehicle described below. Default means:
• You do not pay any payment on time;
• You give false, incomplete, or misleading information during credit application;
• You start a proceeding in bankruptcy or one is started against you or your property; or
• You break any agreements in this contract.
The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.

c. **You may have to pay collection costs.** If we hire an attorney who is not our salaried employee to collect what you owe, you will pay the attorney's fee and court costs as the law allows. The attorney's fee will not exceed 15% of the amount you owe.

d. **We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device (such as GPS), you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you. If you do not ask for these items back, we may dispose of them as the law allows.

e. **How you can get the vehicle back if we take it.** If we repossess the vehicle, you may pay to get it back (redeem) by paying all payments that are past due when you redeem, any late charges, and any expenses we incurred related to retaking the vehicle, holding it, and preparing it for sale. After you redeem, you must make the remaining payments under this contract. Your right to redeem ends when we sell the vehicle.

f. **We will sell the vehicle if you do not get it back.** If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.
We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us. If you do not pay this amount when we ask, we may charge you interest at a rate not exceeding the highest lawful rate until you pay.

This is not the Authoritative Copy.

g. **What we may do about optional insurance, maintenance, service, or other contracts.** This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, you agree that we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

## 4. SERVICING AND COLLECTION CONTACTS

You agree that we may try to contact you in writing, by e-mail, or using prerecorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows. You also agree that we may try to contact you in these and other ways at any address or telephone number you provide us, even if the telephone number is a cell phone number or the contact results in a charge to you.

## 5. APPLICABLE LAW

Federal law and the law of Mississippi apply to this contract.

**Electronic Contracting and Signature Acknowledgment.** You agree that (i) this contract is an electronic contract executed by you using your electronic signature, (ii) your electronic signature signifies your intent to enter into this contract and that this contract be legally valid and enforceable in accordance with its terms to the same extent as if you had executed this contract using your written signature and (iii) the authoritative copy of this contract ("Authoritative Copy") shall be that electronic copy that resides in a document management system designated by us for the storage of authoritative copies of electronic records, which shall be deemed held by us in the ordinary course of business. Notwithstanding the foregoing, if the Authoritative Copy is converted by printing a paper copy which is marked by us as the original (the "Paper Contract"), then you acknowledge and agree that (1) your signing of this contract with your electronic signature also constitutes issuance and delivery of such Paper Contract, (2) your electronic signature associated with this contract, when affixed to the Paper Contract, constitutes your legally valid and binding signature on the Paper Contract and (3) subsequent to such conversion, your obligations will be evidenced by the Paper Contract alone.

---

### ARBITRATION PROVISION
### PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS

1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.
2. IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.
3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Provision shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you may have to arbitrate a class action. You may choose the American Arbitration Association (www.adr.org) or any other organization to conduct the arbitration subject to our approval. You may get a copy of the rules of an arbitration organization by contacting the organization or visiting its website.

Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law and the applicable statute of limitations. The arbitration hearing shall be conducted in the federal district in which you reside unless the Seller-Creditor is a party to the claim or dispute, in which case the hearing will be held in the federal district where this contract was executed. We will pay your filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $5000, unless the law or the rules of the chosen arbitration organization require us to pay more. The amount we pay may be reimbursed in whole or in part by decision of the arbitrator if the arbitrator finds that any of your claims is frivolous under applicable law. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this Arbitration Provision, then the provisions of this Arbitration Provision shall control. Any arbitration under this Arbitration Provision shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et seq.) and not by any state law concerning arbitration. Any award by the arbitrator shall be in writing and will be final and binding on all parties, subject to any limited right to appeal under the Federal Arbitration Act.

You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate by using self-help remedies, such as repossession, or by filing an action to recover the vehicle, to recover a deficiency balance, or for individual injunctive relief. Any court having jurisdiction may enter judgment on the arbitrator's award. This Arbitration Provision shall survive any termination, payoff or transfer of this contract. If any part of this Arbitration Provision, other than waivers of class action rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this Arbitration Provision shall be unenforceable.

This is not the Authoritative Copy.

## NO COOLING OFF PERIOD

**State law does not provide for a "cooling off" or cancellation period for this sale. After you sign this contract, you may only cancel it if the seller agrees or for legal cause. You cannot cancel this contract simply because you change your mind. This notice does not apply to home solicitation sales.**

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and we must sign it. No oral changes are binding.  Buyer Signs **X** _____ Co-Buyer Signs **X** _____

If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.

See the rest of this contract for other important agreements. Any dispute resolution agreement you sign with us or an assignee of this contract will apply to claims related to this contract.

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

**NOTICE TO THE BUYER: 1. Do not sign this contract before you read it or if it contains any blank spaces. 2. You are entitled to an exact copy of the contract you sign.**

**You agree to the terms of this contract and any dispute resolution agreement you signed with this contract. You confirm that before you signed this contract and any dispute resolution agreement, we gave them to you, and you were free to take them and review them. You acknowledge that you have read all pages of this contract, including the arbitration provision on page 4, before signing below. You confirm that you received a completely filled-in copy of these documents when you signed them.**



Buyer Signs **X** _____ Date _11/09/2022_  Co-Buyer Signs **X** _____ Date _11/09/2022_

Buyer Printed Name _DONSHEKI FREDRICK BARRETT_____ Co-Buyer Printed Name _LEAH HERNDON_____

If the "business" use box is checked in "Primary Use for Which Purchased": Print Name _N A_____ Title _N A_____

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other owner signs here  **X** _N A_____  Address _N A_____

Seller signs _MATT BOWERS HYUNDAI GULFPORT_  Date _11/09/2022_  By **X** _____  Title _F&I_

This is not the Authoritative Copy.

LAW

# CERTIFICATE OF TITLE

## STATE OF MISSISSIPPI

**ORIGINAL**

| VEHICLE IDENTIFICATION NUMBER | MAKE | YEAR | MODEL | BODY | TITLE NUMBER | TITLE TEXT (E G UNIT #) |
|---|---|---|---|---|---|---|
| KMHLM4AG8PU433892 | HYUN | 2023 | ELANTRA | SD | MS0344852736 | |

| TITLE DATE | DATE OF FIRST SALE FOR USE NEW ONLY | NO CYL | NEW/USED | TYPE OF VEHICLE | ODOMETER | NO TENTHS |
|---|---|---|---|---|---|---|
| 12/08/2022 | 11/09/2022 | 4 | NEW | PC | 18 | ACTUAL |

**OWNER(S)**

BARRETT, DONSHEKI OR HERNDON, LEAH
5043 FAIRBURY WAY
DIBERVILLE MS 39540-1000

**BRANDS**

**BENEFICIARY**

**1ST LIENHOLDER**
CAPITAL ONE AUTO FINANCE
P O BOX 660068
SACRAMENTO CA 95866

DATE 11/09/2022

**2ND LIENHOLDER**

DATE

**MAIL TO**

CAPITAL ONE AUTO FINANCE
P O BOX 660068
SACRAMENTO CA 95866

**LIEN SATISFACTION** THE UNDERSIGNED HOLDER OF ABOVE DESCRIBED LIEN(S) ON THE MOTOR VEHICLE DESCRIBED HEREON HEREBY ACKNOWLEDGES SATISFACTION THEREOF

1ST LIEN _____ BY: _____
(LIENHOLDER) (SIGNATURE AND TITLE)

THIS _____ DAY OF _____ 20 _____

2ND LIEN _____ BY _____
(LIENHOLDER) (SIGNATURE AND TITLE)

THIS _____ DAY OF _____ 20 _____

IN WITNESS WHEREOF I HAVE HEREUNTO SET MY HAND THIS

THE 8TH DAY OF DECEMBER 20 22

The Mississippi Department of Revenue hereby certifies that on application duly made, the person named herein is registered by this office as the lawful owner of the vehicle described subject to the liens or security interests as may subsequently be filed with the Mississippi Department of Revenue. This certificate of title is issued pursuant to the Mississippi Motor Vehicle Title Law Section 63 21 1 Mississippi Code of 1972, and subject to the provisions thereof

**CONTROL NUMBER**

**MISSISSIPPI DEPARTMENT OF REVENUE**

**VOID IF ALTERED**