**SO ORDERED,**

**Judge Katharine M. Samson**
**United States Bankruptcy Judge**
**Date Signed: October 7, 2026**

**The Order of the Court is set forth below. The docket reflects the date entered.**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

| | |
|---|---|
| **IN RE: DONSHEKIE BARRETT,** | **CASE NO. 25-51624-KMS** |
| **Debtor** | **CHAPTER 11** |

## ORDER CONFIRMING CHAPTER 11 SUBCHAPTER V PLAN

This matter is before the Court on the Chapter 11 Subchapter V Plan of Reorganization filed by Donshekie Barrett (the “Debtor”) at Docket 108 (the “Plan”); the United States Trustee’s Objection to Debtor’s Subchapter-V Plan of Reorganization at Docket 143; and the Limited Objection to Confirmation filed by Eastern Funding LLC d/b/a Specialty Vehicle and Equipment Funding Group (“Eastern Funding”) at Docket 144. Having considered the Plan, the objections, the written record, and the parties’ agreement to entry of this Order, the Court, finds and orders as follows:

1. The Court has jurisdiction over this core proceeding under 28 U.S.C. §§ 1334 and 157(b)(2)(L). Adequate and appropriate notice of the Plan and an opportunity to object to confirmation were provided.

2. The Plan satisfies the applicable requirements of 11 U.S.C. § 1129(a), other than paragraphs (8), (10), and (15), as provided in 11 U.S.C. § 1191(b). The Plan was proposed in good faith, satisfies the best-interests test, and is feasible. The Debtor will be able to make all

payments under the Plan. The Plan does not discriminate unfairly and is fair and equitable with respect to each impaired class that has not accepted it, and satisfies 11 U.S.C. § 1191(c).

3. The Plan is CONFIRMED under 11 U.S.C. § 1191(b), subject to the clarification in this Order. The Plan and this Order bind the Debtor and all creditors as provided by 11 U.S.C. § 1141(a).

4. Eastern Funding LLC d/b/a Specialty Vehicle and Equipment Funding Group's Claim No. 30-1 is included in Class 16. If a default under the underlying loan gives rise to an enforceable guaranty obligation payable by the Debtor, the allowed unpaid claim shall receive the same treatment as other allowed Class 16 claims, subject to Article VI of the Plan and credit for payments and collateral proceeds received on the underlying debt. The Debtor's rights to object to the claim are preserved. This clarification disposes of the limited objection at Docket 144.

5. The United States Trustee's objection at Docket 143 is resolved by agreement, and the United States Trustee consents to entry of this Order.

6. The Court fixes the period under 11 U.S.C. § 1191(c)(2) at sixty months beginning when the first payment is due under the Plan. The Debtor shall perform the income commitment in Section 7.4 of the Plan. Under 11 U.S.C. § 1194(b), the Debtor is authorized to make Plan payments directly. The Subchapter V trustee shall continue to serve as provided in Article X of the Plan.

7. Unless otherwise ordered, the Effective Date shall be the first business day after expiration of the fourteen-day stay under Federal Rule of Bankruptcy Procedure 3020(e), or such later date as the Debtor designates by filed notice. Vesting of property, reporting, and notices shall otherwise be governed by the Plan. The Debtor's retained claims, defenses, and causes of

action are preserved as provided in the Plan. The notice and cure provisions of Article XI remain effective, subject to the existing orders at Dockets 152 and 153.

8. Discharge shall be governed by 11 U.S.C. § 1192 following completion of all payments due within the sixty-month period beginning when the first payment is due under the Plan, subject to the statutory exceptions. This Order does not require completion of payments on debts extending beyond that period as a condition of discharge.

9. Except as expressly provided in this Order, the Plan remains unchanged. The Court retains jurisdiction as provided in Article XII of the Plan. The Debtor shall give notice of entry of this Order as required by the Bankruptcy Rules.

**##END OF ORDER##**

Approved and Agreed to:

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr. (MSBN 103469)
THE ROLLINS LAW FIRM, PLLC
P.O. Box 13767
Jackson, Mississippi 39236
Telephone: (601) 500-5533
trollins@therollinsfirm.com
Counsel for the Debtor

/s/ Steven D. Usry
Steven D. Usry (MSBN 100922)
OFFICE OF THE UNITED STATES TRUSTEE
501 E. Court Street, Suite 6-430
Jackson, Mississippi 39201
Telephone: (601) 965-5247
steven.usry@usdoj.gov
Trial Attorney for the United States Trustee

/s/ Timothy J. Anzenberger
Timothy J. Anzenberger (MSBN 103854)
ADAMS & REESE, LLP
1018 Highland Colony Parkway, Suite 800
Ridgeland, Mississippi 39157
Telephone: (601) 353-3234
Facsimile: (601) 355-9708
tim.anzenberger@arlaw.com
Counsel for Eastern Funding LLC